IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA ALVAREZ,<br><br>              Plaintiff,<br><br>vs.<br><br>NORTH PLATTE POLICE DEPARTMENT,<br><br>              Defendant. | 8:22CV354<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sheila Alvarez filed a Complaint, Filing No. 1, and has been given leave to proceed in forma pauperis. Filing No. 9. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the North Platte Police Department for $200,000,000 in damages and alleges,

> The North Platte Police department has been harassing me every day by following me, pulling me over without probable cause[,] threw me in jail because I called them to ask for help, took my daughter from hospital with no probable cause harrasing [sic] my son . . . [,] kicked me out of police department because I was trying to tell them what was going on and they didn't believe me.

Filing No. 1 at 4. Plaintiff states she is afraid to call the police in an emergency and pulled her children out of school due to fear of the police harassing her children. Plaintiff describes one instance where she was "pulled over after going to [her] sons['] school and one of there [sic] school officers called the police and stated [Plaintiff] was driveing [sic] drunk." *Id*. Plaintiff alleges the police then pulled Plaintiff over with "no probable cause" and "proceeded with a field sobriety test which [she] passed." *Id*. Plaintiff had to seek

counseling due to the police harassment and seeks damages "for the anxiety and fear they have caused due to the violations they have violated." Id.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within

2

the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, this is a civil rights action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's § 1983 claims may not be asserted against the North Platte Police Department because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

Plaintiff's failure to name a proper defendant aside, the Complaint lacks sufficient factual allegations to state a plausible claim for relief. While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard as it does not identify any individual defendants who allegedly harmed Plaintiff or when the allegedly unconstitutional conduct occurred.

The only conceivable claim Plaintiff alleges is a violation of her Fourth Amendment rights based on police officers stopping Plaintiff's vehicle without probable cause. A traffic stop is reasonable under the Fourth Amendment if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007). And once a lawful traffic stop is made, a law enforcement officer may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, conduct computer inquiries to determine the validity of the license and registration, conduct computer searches to investigate the driver's criminal history and to determine if the driver has outstanding warrants, and make inquiries as to the motorist's

4

destination and purpose. *Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *3 (D. Neb. Mar. 12, 2021) (citing cases). After that, the Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105–06 (8th Cir. 2004).

Plaintiff's conclusory statement that she was pulled over without probable cause does not allege sufficient facts for the Court to draw a reasonable inference that any North Platte Police Department officer violated Plaintiff's Fourth Amendment rights by initiating a traffic stop or placing Plaintiff under arrest. While Plaintiff does describe a specific incident where the police pulled over her vehicle based on the tip of a "school officer[]" who called the police and reported Plaintiff "was driveing [sic] drunk," she does not allege when this incident took place or identify any individual officers involved. Filing No. 1 at 4. Moreover, the Eighth Circuit has held that "an anonymous tip about the dangerous operation of a vehicle whose innocent details are accurately described may still possess sufficient indicia of reliability to justify an investigatory stop by a law enforcement officer who does not personally observe any erratic driving." *United States v. Wheat*, 278 F.3d 722, 729 (8th Cir. 2001). Plaintiff's allegations suggest the police received a tip from a known individual who specifically identified Plaintiff as the suspected impaired driver. Thus, as it stands, the Complaint fails to allege a plausible claim for relief under the Fourth Amendment.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). Because the only named

5

defendant is a non-suable entity, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim upon which relief may be granted. See *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303 (D. Neb. Oct. 2, 2019) (dismissing pro se § 1983 complaint on initial review where non-suable city police department named as sole defendant).

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. The Court will enter judgment by a separate document.

Dated this 31st day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge